| | |
|---|---|
| MARQUISE GRADY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. GUTIERREZ, *et al*.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00922-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ECF No. 1 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed July 9, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. The court finds that plaintiff has stated due process claims against defendants Gutierrez, Jaime, Voong, and Lee. The court will recommend that plaintiff's remaining claims and the other defendants be dismissed without prejudice and that he be granted leave to amend the complaint.

### I. SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**II.     THE COMPLAINT[1]**

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP"). ECF No. 1 at 1. Plaintiff sues four defendants: Lieutenant C. Gutierrez, a correctional officer at KVSP; G. Jaime, Chief Deputy Warden at KVSP; Scott Kernan, the Secretary of California Department of Corrections and Rehabilitation ("CDCR"); M. Voong, the Chief of the Office of Appeals at CDCR; and T. Lee, a captain and appeals examiner at CDCR. *Id.* ¶¶ 3-7.

At all times relevant to this complaint, CDCR compelled plaintiff to share a cell with Frederick Crug, a fellow inmate. *Id.* ¶ 9. On May 31, 2015, several correctional officers

---

[1] The court draws the facts in this section from plaintiff's complaint, ECF No. 1, and accepts them as true for screening purposes.

2

approached plaintiff's cell and conducted a cell extraction. *Id.* ¶¶ 10-16. Correctional officers claimed to find an "inmate manufactured weapon" in plaintiff's cell and issued plaintiff a rules violation report ("RVR"). *Id.* ¶¶ 17-21. "Plaintiff postponed the RVR-hearing pending outcome of the referral for prosecution; specifically, the response from the Kern County District Attorney, of whether criminal prosecution would be initiated." *Id.* ¶ 22. The Kern County District Attorney prosecuted plaintiff and his cellmate for possession of the weapon, but dismissed all charges against plaintiff when Crug "accepted full responsibility for the . . . weapon." *Id.* ¶¶ 23-24.

On or after May 2017, correctional officer J. Quinones interviewed plaintiff and Crug regarding the pending RVR against plaintiff. *Id.* ¶¶ 25-26. Plaintiff and Crug each informed Quinones that plaintiff had no knowledge of the weapon. *Id.* On June 15, 2017, plaintiff had his RVR hearing before Lt. C. Gutierrez, the assigned Senior Hearing Officer. *Id.* ¶¶ 28-29. At the hearing, plaintiff testified that he had no knowledge of the weapon and that Crug accepted full responsibility for the weapon and confirmed plaintiff's innocence. *Id.* ¶ 29. Plaintiff also requested that Crug be called as a witness in the hearing. *Id.* ¶ 30. In response, Gutierrez stated, "As far as this disciplinary hearing is concerned, there is [no] need to call inmate Crug as a witness; if you waive the witness request, and agree to proceed with the hearing, I intend to dismiss the RVR, and forward the matter to the Chief Disciplinary Officer (CDO) for review." *Id.* ¶ 32. Accordingly, plaintiff waived his right to call Crug as a witness, and Gutierrez stated that "he was finding inmate Grady (Plaintiff) not guilty . . . , dismissing the RVR, and referring the matter to the CDO for review." *Id.* ¶ 33 (punctuation altered).

On August 13, 2017, plaintiff received a copy of the hearing outcome, which, to plaintiff's surprise, showed that Gutierrez had found him guilty on the charge of weapon possession. *Id.* ¶ 34. Plaintiff alleges that Gutierrez manipulated him to waive his right to a witness, omitted plaintiff's testimony that Crug had accepted responsibility, omitted plaintiff's request for Krug to testify, and found plaintiff guilty in bad faith. *Id.* Gutierrez also intentionally distorted the evidence by falsely stating that "The weapon was discovered on the floor in the middle of the cell in plain sight of inmate Grady." *Id.* ¶¶ 35-36 (punctuation altered). Plaintiff alleges that the RVR

conviction resulted in "various sanctioned punishments, including loss of family visits." *Id.* at 3 (punctuation altered).

On August 14, 2017, plaintiff filed an administrative grievance challenging Gutierrez's decision. *Id.* ¶ 37. On September 13, 2017, G. Jaime denied plaintiff's grievance in bad faith "to cover up and suppress multiple due process violations that occurred during the RVR hearing, including the guilty finding [that was] the product of distorted and fabricated evidence." *Id.* ¶ 38 (punctuation altered). In the second-level appeal denial, G. Jaime acknowledged that Crug had taken responsibility for the weapon but justified the hearing outcome by stating, "whether or not the appellant had knowledge of the weapon [cannot be proven] . . . , what can be proven is that the appellant did have possession of the weapon." *Id.* ¶ 39 (punctuation altered) (internal quotation marks omitted). Jaime disregarded plaintiff's allegation about the fraudulently induced waiver of his right to call a witness, calling it a "new defense on appeal." *Id.* ¶ 40 (punctuation altered). In the third-level denial, plaintiff alleges that M. Voong and T. Lee "committed the same violations of defendant Jaime." *Id.* ¶ 41.

Finally, plaintiff alleges that Scott Kernan forced him to share a cell with Krug, which ultimately resulted in him being punished for a rules violation. *Id.* ¶ 42. Further, plaintiff contends that "all due process violations [were] caused by policies and schemes enforced by defendant Kernan." *Id.* (punctuation altered).

**III.  DISCUSSION**

    **A. Requirements under 42 U.S.C. § 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th

Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.*

All named defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff sufficiently alleged facts to satisfy the causation requirement.

Plaintiff has plausibly alleged that defendants Gutierrez, Jaime, Voong, and Lee personally participated in or caused the alleged deprivations. *See, e.g.*, ECF No. 1 ¶¶ 28-36, 38-41. Plaintiff does not plausibly allege that defendant Kernan personally participated in or caused the alleged deprivations; instead, plaintiff seems to rely on a theory of vicarious liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to *Bivens* and § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Beyond naming this defendant in the complaint, ECF No. 1 ¶ 5, plaintiff alleges only that Kernan caused plaintiff's deprivations via "policies and schemes [that he] enforced." *Id.* ¶ 42. This allegation fails to satisfy the causation requirement of § 1983, so defendant Kernan must be dismissed.

The remaining question is whether defendants Gutierrez, Jaime, Voong, and Lee's alleged actions violated federal law. Plaintiff seeks to bring a variety of claims, including for due process and First Amendment violations. ECF No. 1 at 15-17. Plaintiff's allegations do not support a First Amendment claim, but the alleged facts do implicate due process claims. We will analyze whether plaintiff has sufficiently alleged due process claims against defendants Gutierrez, Jaime, Voong, and Lee.

**B. Due Process**

The Fourteenth Amendment to the U.S. Constitution provides that "[n]o State shall . . .

deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A § 1983 claim based upon procedural due process has two elements: "We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

### i. The Liberty Interest

For plaintiff to state a due process claim, we must find that he has a liberty interest in not "suffer[ing] various sanctioned punishments, including loss of family visits." ECF No. 1 at 3. A liberty interest that implicates the protections of due process arises from one of two sources: the Due Process Clause of the Fourteenth Amendment or state law. *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005). When deciding whether the Constitution itself protects an alleged liberty interest of a prisoner, the court should consider whether the practice or sanction in question "is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *see also Hewitt v. Helms*, 459 U.S. 460, 466-70 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). The Due Process Clause itself does not independently protect an inmate's access to a particular visitor. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989).

With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. When conducting the *Sandin* inquiry, courts look to three factors in determining whether an atypical and significant hardship exists: (1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and thus comported with the prison's discretionary authority; (2) the duration and intensity of the conditions; and (3) whether the change in confinement would "inevitably affect the duration of [the prisoner's] sentence." *Chappell v. Mandeville*, 706 F.3d 1052, 1064 (9th Cir. 2013) (citation and internal quotation

6

marks omitted). "Rather than invoking a single standard for determining whether a prison hardship is atypical and significant," a court applies the *Sandin* factors in a "case by case, fact by fact consideration." *Serrano v. Francis,* 345 F.3d 1071, 1078 (9th Cir. 2003).

At this stage of the litigation, construing plaintiff's complaint liberally, we find that plaintiff has alleged enough facts to constitute a liberty interest. Plaintiff alleged that the RVR conviction resulted in "various sanctioned punishments, including loss of family visits." ECF No. 1 at 3 (punctuation altered). The undifferentiated punishments he received, including the restriction of visitation, could "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483-84 (citations omitted).

### ii. The Process That Is Due

When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

"When prison officials limit an inmate's efforts to defend himself [or herself], they must have a legitimate penological reason." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985); *see also Serrano*, 345 F.3d at 1079. Prison officials must make individualized determinations to limit the calling of witnesses, *see Serrano*, 345 F.3d at 1079, and must eventually explain their reasons for so limiting the prisoner's ability to defend her- or himself, *see Ponte*, 471 U.S. at 497.

Plaintiff's allegations sufficiently allege that he was not afforded the process he was due

under the Fourteenth Amendment. For instance, plaintiff plausibly alleges that each defendant violated his right to call a witness without a legitimate penological purpose. Plaintiff alleges that Gutierrez manipulated him to waive his right to a witness and found plaintiff guilty in bad faith. *Id.* ¶ 34. Plaintiff alleges that Jaime denied plaintiff's grievance in bad faith "to cover up and suppress multiple due process violations that occurred during the RVR hearing." *Id.* ¶ 38 (punctuation altered). Finally, plaintiff alleges that Voong and Lee "committed the same violations of defendant Jaime." *Id.* ¶ 41. Considering the foregoing, plaintiff has sufficiently alleged both elements of a due process claim against defendants Gutierrez, Jaime, Voong, and Lee.

## IV.  CONCLUSION AND ORDER

The court has screened plaintiff's complaint and finds that plaintiff has stated due process claims against defendants Gutierrez, Jaime, Voong, and Lee. The court will recommend that plaintiff's remaining claims and defendants be dismissed without prejudice and that he be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different

defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## V.     RECOMMENDATIONS

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states due process claims against defendants Gutierrez, Jaime, Voong, and Lee.
2. Plaintiff's remaining claims and defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
3. If plaintiff files an amended complaint, defendants Gutierrez, Jaime, Voong, and Lee should not be required to respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 15, 2019

_____
UNITED STATES MAGISTRATE JUDGE