UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE GRADY, | Case No. 1:18-cv-00922-ADA-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO FIND DEFENDANTS IN BREACH OF SETTLEMENT AGREEMENT[1] |
| v. | |
| LT. C. GUTIERREZ, ET. AL., | FOURTEEN-DAY OBJECTION PERIOD |
| Defendants. | (Doc. No. 39) |

Plaintiff Marquise Grady is a state prisoner and proceeds pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983, which is closed. Specifically, in an Order dated June 26, 2020, the Court directed the Clerk of Court to close action based upon the parties' notice of voluntary dismissal with prejudice under Fed. R. Civ. P. 41 (a)(1)(A)(ii). (Doc. No. 36).

Pending before the Court is Plaintiff's "motion to enforce settlement agreement" filed on March 1, 2021, claiming Defendants are in default of the settlement agreement. (Doc. No. 39). Defendants filed an opposition, attaching as an exhibit a declaration from attorney Erik A. Gutierrez in support. (Doc. No. 41). Plaintiff filed a Reply maintaining that he was not paid and further disputing that any delay in completing the settlement papers was not his fault. (Doc. No.

---

[1] This matter was reassigned to the undersigned on September 1, 2022.

1  44).  Defendants filed a supplemental opposition, attaching as an exhibit a declaration from S.
2  Saunders, the custodian of records for inmate accounts, and a copy of Plaintiff's relevant inmate
3  trust fund account statement. (Doc. Nos. 45, 45-1). Plaintiff filed a response to the
4  supplemental opposition contesting the amount of the settlement paid toward his restitution
5  obligation. (Doc. No. 47). Because the facts demonstrate Plaintiff timely received the settlement
6  funds, the undersigned recommends the district court deny Plaintiff's motion.

7  Plaintiff contends that Defendants failed to deposit the settlement funds into his inmate
8  trust account within 180 days from the date Plaintiff delivered the signed settlement agreement
9  and related forms to Defendants, which was a violation of the settlement agreement. (Doc. No.
10 39 at 1). As a result, Plaintiff requests the Court sanction Defendants with a "$10,000 penalty
11 fee." (*Id.* at 2). In opposition, Defendants explain the settlement papers required Plaintiff to
12 provide his social security number on the form, sign the form, and return the completed papers to
13 counsel. (Doc. No. 41 at 3-4). Defense counsel explains Plaintiff was to provide his social
14 security number to him and return the papers, but he did not. (*Id.*). Instead, counsel states after
15 not timely receiving the completed papers from Plaintiff, he located Plaintiff's social security
16 number, sent new papers back to Plaintiff, and received those papers back from Plaintiff on
17 September 18, 2020. (*Id.* at 3-4). Defense counsel explains he could not process the settlement
18 payment with CDCR until he received the signed, required settlement papers. (*Id.*). Thus, the
19 180-day time period within which to pay the settlement funds expired 180 days from September
20 18, 2020, or on March 18, 2021. (*Id.* at 4). Defense counsel attests under oath that the settlement
21 funds were paid in full to Plaintiff on February 5, 2021. (*Id.* at 5). In a supplemental response,
22 Defendants provide a copy of Plaintiff's inmate trust fund account reflecting settlement funds
23 deposited in his inmate trust fund account on February 18, 2021. (Doc. No. 45-1 at 5). In reply,
24 Plaintiff acknowledges he received settlement funds, but for the first time challenges the amount
25 of funds taken from the settlement funds for his restitution obligation. (Doc. No. 44).

26 Initially, the Court does not address Plaintiff's challenges to the amount of the settlement
27 funds which were applied to his restitution because Plaintiff raised this issue for the first time in
28 his reply brief. A party's arguments that are raised for the first time in a reply brief and were not

2

asserted in the initial motion are deemed waived. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)(citations omitted).

With respect to Plaintiff's claims that he did not timely receive the settlement funds, a review of the docket shows the case settled after a settlement conference was held on May 27, 2020. (Doc. No. 34; Doc. No. 41 at 3). The parties had 30 days to file dispositional documents with the Court. (Doc. No. 34). On June 25, 2020, Defendants filed an executed stipulation for voluntary dismissal containing both Plaintiff and defense counsel's signatures. (Doc. No. 35). Thus, dispositional documents were timely filed with the Court within 30 days.

Pursuant to the terms of the Settlement and Release, CDCR had 180 days from the date Plaintiff delivered the signed both the stipulation for voluntary dismissal and the Settlement Agreement and Release to Defendants to pay the settlement amount. (Doc. No. 41 at 2). Using the date defense counsel received the completed, signed settlement papers, Defendant had until Thursday, March 18, 2021 to deposit the settlement funds into Plaintiff's inmate trust fund account. The declaration submitted under oath confirms CDCR processed payment to Plaintiff on February 5, 2021. (Doc. No. 41 at 5). Moreover, the copy of Plaintiff's inmate trust fund account statement provided with Defendants' supplemental response reflects the settlement funds deposited in Plaintiff's account on February 18, 2021.[2] (*See* Doc. No. 45-1 at 5). Based upon a review of the docket and the uncontroverted evidence submitted by Defendants, Defendants deposited $2,500.00 into Plaintiff's inmate trust fund account <u>before</u> the 180 days expired on March 18, 2021 and did not breach the settlement agreement.

Accordingly, it is **RECOMMENDED**:

Plaintiff's motion to find Defendants in breach of settlement agreement (Doc. No. 39) be DENIED.

## NOTICE TO THE PARTIES

These findings and recommendations are submitted to the United States District Judge

---

[2] Plaintiff correctly notes the date discrepancy concerning payment of settlement funds. (Doc. No. 47 at 2). Because either the February 5, 2021 or February 18, 2021 payment is still before the 180-day deadline expired on March 18, 2021, the Court need not determine whether the date the payment was "processed" as opposed to "deposited" controls.

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   September 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE